867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Smith CHANCEY, Defendant-Appellant.
 No. 88-7046.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 27, 1988.
Decided: Jan. 20, 1989.
 
 James R. Mann, Walter M. Henritze, Jr. (Henritze & Shannon), for appellant.
 Vinton D. Lide, William C. Lucius (Office of the U.S. Attorney), for appellee.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Harold Chancey appeals the district court's denial of his petition for coram nobis relief pursuant to 28 U.S.C. Sec. 1651. Chancey requested a change in dates showing the period of probation he was required to serve which appeared on forms transferring jurisdiction over his probation from the District of South Carolina to the Northern District of Georgia in 1980. We affirm.
 
 
 2
 In 1973, Chancey was convicted of numerous offenses in federal court in South Carolina; two of the charges had been transferred from the Northern District of Georgia. He was sentenced, in sum, to four years in prison and four years of probation. He was paroled in 1975, but a parole violator's warrant was issued for him when he received new criminal charges. After he was acquitted of these new charges, the parole violator's warrant was withdrawn and Chancey began to serve his term of probation. In 1980, jurisdiction over his probation was transferred to the Northern District of Georgia. On the transfer forms, Chancey's probation term is shown as beginning upon withdrawal of the parole violator's warrant which was several months after the originally scheduled date for his parole to end and his probation to begin. Chancey contends here that his probation should have begun on February 12, 1977, the date his parole term was originally due to end, not on July 13, 1977, the date the parole violator's warrant was withdrawn.
 
 
 3
 Chancey makes this claim because on June 11, 1982, near the end of his term of probation,* a probation violator's warrant was issued for him and after a lengthy hearing his probation was revoked. He was eventually sentenced to the maximum term he could have received at his sentencing in 1973. Had Chancey's probation term begun on February 12, 1977, as he insists, it would have expired before the issuance of the probation violator's warrant.
 
 
 4
 We agree with the district court that Chancey's claim is one which should be brought under 28 U.S.C. Sec. 2241 in the district where he is incarcerated, as it attacks the execution, not the fact, of his sentence. United States v. Snow, 748 F.2d 928, 933 (4th Cir.1984); Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir.1976).
 
 
 5
 A writ of coram nobis, such as Chancey seeks, is available to correct fundamental errors of fact which affect the validity of the judgment itself. United States v. Morgan, 346 U.S. 502 (1954); United States v. Addonizio, 442 U.S. 178, 186 (1979). The purpose of the writ is to allow a challenge to an unjust conviction when no other remedy is available. 3 C. Wright, Federal Practice & Procedure Sec. 592 (1982). Chancey does not challenge his convictions. He is, instead, contesting the computation of the period of probation to which he was sentenced. This claim is appropriately made under Sec. 2241.
 
 
 6
 Alternatively, Chancey may elect to attack the validity of his 20-year sentence as it was reimposed by the district court in the Northern District of Georgia. Reimpositions of suspended sentences following probation revocations have been treated as "new sentences" which may be attacked pursuant to a Sec. 2255 motion to vacate, set aside or correct the sentence. United States v. Wren, 682 F.Supp. 1237, 1238 n. 1 (S.D.Ga.1988). Chancey's complaint could be characterized as protesting that the district court in the Northern District of Georgia lacked jurisdiction to reimpose the 20-year sentence because his probation had already expired. Thus, Chancey would be attacking the validity of his sentence for which Sec. 2255 provides a proper remedy.
 
 
 7
 For the reasons given above, we grant the government's motion for summary affirmance and affirm the judgment of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Chancey's probation term had been extended by one year in 1981. It was then scheduled to end on July 12, 1982